# United States District Court

_____ DISTRICT OF __MASSACHUSETTS_____

UNITED STATES OF AMERICA
V.
JOHN J. NICHOLS, III

**CRIMINAL COMPLAINT**

CASE NUMBER: 97-M0065-LPC

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __March 1, 1996__ in __Suffolk__ county, in the _____ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense)

move and travel in interstate and foreign commerce with intent to avoid custody and confinement after conviction under the laws of the Commonwealth of Massachusetts for the crimes of unarmed robbery and assault by dangerous weapon, in violation of M.G.L. c. 265, §19 and §15B, which crimes are felonies under the laws of the Commonwealth of Massachusetts, from which said laws John J. Nichols, III, has fled

in violation of Title __18__ United States Code, Section(s) __1073__

I further state that I am a(n) __Special Federal Officer__ and that this complaint is based on the following facts:

See Attached Affidavit of Paul J. Hartford

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant   PAUL J. HARTFORD

Sworn to before me and subscribed in my presence,

May 19, 1997                                  at    Boston, MA
Date                                                City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer            Signature of Judicial Officer

**AFFIDAVIT**

I, PAUL J. HARTFORD, Special Federal Officer ("SFO"), being duly sworn, upon my oath, do depose and state as follows:

1. The Federal Bureau of Investigation ("FBI"), Violent Fugitive Task Force, of which I am a member, has been asked to assist the Massachusetts Parole Board with the location and apprehension of JOHN J. NICHOLS, III.

2. I have spoken with Massachusetts Parole Officer RONALD RAPAPORT, reviewed Parole Board records, conducted an investigation, and, have learned the following:

    a. JOHN J. NICHOLS, III was sentenced in Norfolk Superior Court on July 21, 1993, after being convicted of Unarmed Robbery, Carrying a Firearm, and Assault by Dangerous Weapon (three counts). Unarmed Robbery is a felony under Massachusetts General Law, Chapter 265, Section 19. Carrying a Firearm is a felony under Massachusetts General Law, Chapter 269, Section 10(a). Assault By Dangerous Weapon is a felony under Massachusetts General Law, Chapter 265, Section 15B.

    b. JOHN J. NICHOLS, III, was sentenced to three to five years concurrent on each conviction for the above offenses.

    c. JOHN J. NICHOLS, III, was paroled on the above sentences on April 24, 1995. The expiration and discharge date on the above sentences is March 8, 1998, accordingly, JOHN J. NICHOLS, III, owes approximately two years on his state sentences.

    d. On March 1, 1996, JOHN J. NICHOLS, III, was evicted from his residence and terminated from his job. JOHN J. NICHOLS,

III, thereafter failed to inform his parole officer of the changes in his address and employment in violation of his parole conditions, and his exact whereabouts are currently unknown.

    3.    Law enforcement efforts to locate JOHN J. NICHOLS, III, within the Commonwealth of Massachusetts have been unsuccessful. It is believed that JOHN J. NICHOLS, III, fled the Commonwealth of Massachusetts to avoid being taken into custody and confined by the Commonwealth of Massachusetts for violating the parole conditions of his original sentences for the above referenced felony convictions.

    4.    On March 22, 1996 the Massachusetts Parole Board issued a warrant for the arrest of JOHN J. NICHOLS, III, for violating his conditions of parole of the above described sentences.

    5.    Attached hereto and made a part hereof is a certified copy of the arrest warrant issued by the Parole Board pursuant to Massachusetts General Law, Chapter 127, Section 149.

    6.    During the course of my investigation, I learned that on October 1, 1996 JOHN J. NICHOLS, III, obtained a driver's license from the State of Alabama under the alias EDWARD STEVEN MOSCHELLA.

    7.    On September 23, 1996, JOHN J. NICHOLS, III, called the Massachusetts Parole Board and stated he was in New Orleans, Louisiana.

    8.    The Massachusetts Parole Board has informed me that it will rendite JOHN J. NICHOLS, III, if he is apprehended outside the District of Massachusetts. Attached hereto and made a part hereof is a letter from the Massachusetts Parole Board so

stating.

9.  Based upon the foregoing and upon my experience and training as a SFO with the FBI, I believe there is probable cause to believe that JOHN J. NICHOLS, III, has fled the Commonwealth of Massachusetts to avoid being returned to custody and confinement for crimes which are felonies under the laws of the Commonwealth of Massachusetts, and, that he may be presently located in Alabama.

PAUL J. HARTFORD
Special Federal Officer

Subscribed and sworn to before me on this 19th day of May 1997.

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE

PLEASE TYPE
SIGN WITH BALL POINT PEN ONLY — BEAR DOWN

Nº 16374  [9][6]



# COMMONWEALTH OF MASSACHUSETTS
## Parole Board

Region __1__   District __4__

| WARRANT FOR PERMANENT CUSTODY (STATE) | Name of Parolee<br>John Nichols | Institution Number<br>W-54978<br>SID Number |
|---|---|---|

| Date of Birth<br>10-23-64 | Sex<br>[X] Male<br>[ ] Female | Race<br>[X] White<br>[ ] Black<br>[ ] Hispanic<br>[ ] Other | This warrant for permanent custody is issued by the Parole Board in accordance with chapter 127 section 149 of the Massachusetts General Laws. |
|---|---|---|---|

**To any officer authorized to serve criminal process in the Commonwealth of Massachusetts or to any Peace Officer authorized to serve Criminal Process in the United States: you are required to arrest the parolee and convey him/her to** MCI-Cedar Junction **. To the superintendent of said institution: you are hereby required to receive the prisoner and safely keep him/her until the expiration of sentence or until otherwise discharged according to law.**

**REASON FOR WARRANT FOR PERMANENT CUSTODY:**

Above named parolee has violated a condition(s) of his/her parole.

| Chairman or Parole Board Member | Date Warrant Issued<br>03-25-96 |
|---|---|

| RETURN OF SERVICE<br><br>Mail to:<br>Warrant Unit<br>Massachusetts Parole Board<br>27-43 Wormwood Street<br>Boston, MA 02210-1606 | Signature of Arresting Officer | Date Arrested |
|---|---|---|
| | By virtue of this warrant I certify that the above named person has been arrested and placed in custody at: | |
| | Institution | Effective Date of Return |
| | Signature of Officer Making Return | Title | Date Returned |

PB-WPCS. 5/1/87

Ronald Jay Rapaport
NOTARY PUBLIC
My commission expires Aug. 14, 2003

white copy — Warrant Unit          yellow copy — institution          pink copy — parole officer

# The Commonwealth of Massachusetts
## Executive Office of Public Safety
## Parole Board

Sheila A. Hubbard
Chair

Natalie R. Hardy
Executive Director

27-43 Wormwood Street, Suite 300
Boston, Massachusetts 02210-1606

(617) 727-3271

April 24, 1997

Donald K. Stern
U.S. Attorney
John McCormick Building
U.S. Court House
Room 1107
Boston, MA  02109

RE:  Application for Unlawful Flight to Avoid Confinement Warrant on John Nichols

Dear U.S. Attorney:

The Massachusetts Parole Board would like to make application for a U.F.A.C. warrant for John Nichols charging him with parole violation under M.G.L. Chapter 127, Section 149.  Please see attached notarized warrant.

John Nichols was sentenced on 03-09-93, effective 03-09-93 to 3-5 yrs. for Unarmed Robbery; 3-5 yrs. cc for Carrying a Firearm and 3-5 yrs. cc 3cts for Assault with a dangerous weapon.  Mr. Nichols was released on parole on 04-24-95.

It is believed that Mr. Nichols may be living in the state of Alabama.

If apprehended, the Parole Board will rendite and will seek a Governor's Warrant if necessary.

Sincerely,

Donald E. Lafratta
Chief of Special Operations

cc:  WU01